**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                                                       **CIVIL ACTION NO. 4:06CR166-P-B**

**ANTHONY HOWARD,**                                                                 **DEFENDANT.**

**<u>ORDER</u>**

These matters come before the court upon Defendant Anthony Howard's motion to release defendant on bond before sentencing [42] and motion for new trial [46]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

The motions are not well-taken and should be denied.

In his motion for a new trial, the defendant argues that he was not given a peremptory challenge to the alternate juror required by Fed. R. Crim. P. 24(a)(4)(A). The defendant did not object during jury selection to the choice of the sole remaining juror as an alternate, nor did he ask for a mistrial at that time. In any event, the alternate juror was dismissed before deliberation and therefore did not participate in deliberation. *See U.S. v. Evans*, 848 F.2d 1352, 1356-57 (5th Cir. 1988) (even if a court errs in not allowing a defendant an additional peremptory challenge on an alternate, such an error is harmless and causes no prejudice if the alternate does not participate in deliberations). The defendant also argues that the court erred in overruling the defendant's motion to strike, for cause, prospective juror Carpenter who indicated during voir dire that he had two siblings that he suspected of using illegal drugs. After the court and counsel examined Carpenter, the court concluded that Carpenter's averment that he could be fair and impartial was credible. *See U.S. v. Webster*, 162 F.3d 308, 342 (5th Cir. 1998) ("Because the district court's predominant function

is determining the credibility of the veniremen ... 'deference must be paid to the trial judge who sees and hears the prospective juror.'").

After the jury returned a verdict against the defendant, the court revoked the defendant's bond citing concerns that he posed a flight risk. The defendant moves to be released on bond pending his sentencing, arguing that he is not a flight risk.

The defendant was convicted on three counts of violating 21 U.S.C. § 841(a) and (b)(1)(B) and one count of violating 21 U.S.C. § 841(b)(1)(A), all involving crack cocaine. Consequently, the defendant faces a sentencing range from 5 to 40 years for the first three counts and 10 years to life for count four. Title 18 U.S.C. § 3143(a)(2) provides in pertinent part:

> The judicial officer shall order that a person who has been found guilty of an offense [for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. 801 et seq.] ... and is awaiting imposition or execution of sentence be detained unless (A)(i) the judicial officer finds there is a substantial likelihood that a motion of acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2); § 3142(f)(C).

The court concludes that the motion for bond should be denied. The court has already denied the defendant's motion for a new trial, the Government has not recommended that there be no sentence of imprisonment, and the court has not been shown by clear and convincing evidence that the defendant is not likely to flee or will not pose a danger to any other person or the community.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Anthony Howard's motion to release defendant on bond before sentencing [42] is **DENIED**; and

(2) ) Defendant Anthony Howard's motion for new trial [46] is **DENIED**.

**SO ORDERED** this the 25th day of October, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE